# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**LINDA YOO LEE**
3415 S Sepulveda Blvd
Ste. 570
Los Angeles, CA 90034


Plaintiff,

    vs.


**U.S. DEPARTMENT OF HOMELAND SECURITY**
245 Murray Lane SW
STOP-0655
Washington, D.C. 20528-0655

Defendant

Case No.:


COMPLAINT

1

## COMPLAINT

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, to compel the United States Department of Homeland Security (DHS), to immediately produce any and all documents from the U.S. Customs & Border Protection Agency (an agency within the DHS) related to Luis Domingo's entry into the United States.

## PARTIES

2. Linda Yoo Lee is a licensed attorney with an office at 3415 S Sepulveda Blvd Ste. 570 Los Angeles, CA 90034.

3. The United States Department of Homeland Security (DHS) is an agency of the United States, residing in the District of Columbia.

4. The DHS is an agency within the meaning of 5 USC § 552(f).

## JURISDICTION

5. Since this is a civil action arising under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), a law of the United States, original jurisdiction over this action is vested in this Court by 28 U.S.C. § 1331.

## BRIEF STATEMENT OF PERTINENT FACTS

6. On September 19, 2019, the DHS received a request under FOIA from plaintiff Linda Yoo Lee, for any and all documents from the U.S. Customs & Border

2

Protection Agency related to Sabino Flores-Gonzalez entr(ies) into the United States.. Exhibit A at 1-12.

7. In this request Ms. Lee consented to pay all costs incurred for search, duplication, and review of documents up to $25. Exhibit A at 6.

8. She also included with the request a Verification of Identity and Subject of Record Consent from Sabino Flores Gonzalez in which he consented of the release of the same records to Ms. Lee, Id. at 9 together with a properly completed Form FD-258, including the prints of all ten of his fingers. Id. at 12.

9. On December 27, 2019, the DHS sent Ms. Lee an email acknowledging this receipt and assigning her request the number of 2020-OBFO-09229. Exhibit B.

10. No further response from DHS was forthcoming thereafter.

11. As of the date of the filing of this complaint DHS had not determined whether to comply with such request nor has it notified plaintiff of such determination and the reasons therefor, and of the right of the plaintiff to appeal to the head of the agency any adverse determination.

## STATEMENT OF RELEVANT LAW

12. 5 U.S.C. § 552(a)(3)(A) provides that:

Except with respect to the records made available under paragraphs (1) and (2) of this subsection, and except as (E), each agency, upon any request for

3

records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person.

13. 5 U.S.C. § 552(a)(6) provides in relevant part that "each agency, upon any request for records made under paragraph (1), (2), or (3) of this subsection, shall--

14. determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination.

15. 5 U.S.C. § 552(a)(4)(B) provides in relevant part that

On complaint, the district court of the United States in the district in which the complainant resides, or has her principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the

complainant.

## CAUSE OF ACTION

16. The United States Department of Homeland Security, despite receiving the aforementioned request from Linda Yoo Lee which reasonably described such records and was made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, has failed to determine whether to make those records available to her and notify her of that determination within the applicable time limit provisions of 5 U.S.C. § 552(a)(6).

17. Accordingly, Linda Yoo Lee has exhausted her administrative remedies with respect to such request.

18. The United States Department of Homeland Security has improperly withheld from Linda Yoo Lee the documents identified in that request.

19. Therefore, this Court should enjoin the United States Department of Homeland Security from withholding from Linda Yoo Lee all documents in the agency's possession relating to Luis Domingo.

Respectfully Submitted this 25th day of January, 2021

s/Michael E. Piston
Michael E Piston
Attorney for Plaintiff
Immigration Law Office of Los Angeles, P.C.
14205 SE 36th Street, #100

Bellevue, WA 98006
Tel: 800-792-9889
Fax: 800-628-5605